**Darrell Lee DEAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00799–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 30, 1997.

Sunny Leigh Kapungu, Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Appellant, Darrell Lee Dean, was convicted of burglary of a habitation with intent to commit theft. He raises five points of error in this appeal of his conviction. First, he argues that the trial judge violated article 30.01 of the Texas Code of Criminal Procedure by presiding over this case. His second, third, and fourth points of error challenge the trial court's adverse ruling on a motion to suppress evidence. His fifth point of error challenges the trial court's failure to include in its jury charge an instruction on the lesser included offense of theft by receiving. We overrule all points of error and affirm the judgment of the court below.

The evidence at trial established that appellant and a companion were walking down a neighborhood street, each carrying a bag, when an officer responding to a suspicious persons report pulled his patrol car up to the curb. The two men approached the police car. The officer asked them several questions pertaining to their identities, whether they lived in the area, why they were there, and where they were coming from. Appellant gave the officer a false name, admitted he did not live in the area, and misidentified the direction of the street from which he claimed to be coming. The officer asked for and obtained consent to search the bags the men were carrying after advising them that they "didn't have to show [him] a damn thing." The bags contained a V.C.R., some jewelry, a shotgun, and other items. Based on these facts, as well as the officer's independent knowledge that a number of burglaries had occurred on that street, the officer detained the two men, called other patrol units to the scene, and began to investigate the area. The officers discovered a nearby house with a broken window. Further investigation revealed that the house had been burglarized, and the two men were in possession of property belonging to the occupant of the house, as well as a key which fit the front door of the house. Appellant and his companion were arrested. Appellant was charged with burglary of a habitation and convicted in a jury trial. The presiding judge at appellant's trial had prosecuted him for an unrelated offense a number of years before.

Article 30.01 of the Texas Code of Criminal Procedure states: "No judge ... shall sit in any case ... where he has been of counsel for the State or the accused...." Appellant contends that this statute prohibited the trial judge from presiding over this case because he prosecuted the appellant in a previous case. However, this prohibition only applies when the judge has actually participated *in the very case which is before him*. *Gamez v. State*, 737 S.W.2d 315, 319 (Tex.Crim.App.1987). A trial judge is not disqualified from sitting because he was counsel in other prosecutions against the accused. *Id.* at 319 n. 6. Here, the trial judge prosecuted appellant in an earlier, unrelated case. Therefore, the prohibition in article 30.01 does not apply. Accordingly, we overrule appellant's first point of error.

In his second and third points of error, appellant argues that the evidence obtained while appellant was detained and questioned should not have been admitted at trial because the detention constituted "a warrantless and unwarranted arrest."[1] He contends that, without probable cause or reasonable suspicion, the officer had no authority to detain him, and, as a result, the evidence discovered during that detention should have been suppressed pursuant to article 38.23(a) of the Texas Code of Criminal Procedure.

At a suppression hearing, the trial court is the sole judge of the credibility of the witnesses and the weight of their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). An appellate court does not engage in its own factual review, but

---

1. Appellant's argument invokes both state and federal constitutional protections. However, appellant has not separated his points of error in such a way as to argue a separate ground of relief under the Texas Constitution. Therefore, we must assume that he is claiming no greater protection under the Texas Constitution than that provided by the United States Constitution. *Muniz v. State*, 851 S.W.2d 238, 251–52 (Tex. Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993).

merely decides whether the trial court's findings are supported by the record and whether the court properly applied the law to the facts. *Id.* We will reverse the lower court's ruling, both as to the facts and the legal significance of those facts, only if we find that the trial court abused its discretion. *DuBose v. State,* 915 S.W.2d 493, 496 (Tex. Crim.App.1996). Where the record supports the trial court's findings, we are not at liberty to disturb them. *Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991).

■ Not every encounter between an officer and a citizen carries with it Fourth Amendment implications. *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 1879 n. 16, 20 L.Ed.2d 889 (1968). Therefore, in order to address appellant's argument, we must first determine whether the interaction between appellant and the officer in this case constituted an arrest, a detention, or merely an encounter. *See Francis v. State,* 922 S.W.2d 176, 178 (Tex.Crim.App.1996) (Baird, J., concurring with the judgment of the court of appeals and dissenting to the majority's dismissal of appellant's petition for discretionary review as improvidently granted[2]); *see also Reyes v. State,* 899 S.W.2d 319, 322–323 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd). While arrests and detentions constitute seizures which implicate varying degrees of constitutional protection, *encounters* involve mutually consensual contacts between officers and citizens which do not require any particularized and objective justification because "[a]s long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy...." *Francis,* 922 S.W.2d at 178 (quoting *United States v. Mendenhall,* 446 U.S. 544, 555, 100 S.Ct. 1870, 1877–78, 64 L.Ed.2d 497 (1980)). Thus, an officer may approach a

citizen, without reasonable suspicion or probable cause, to ask questions and even to request consent to search. *Florida v. Royer,* 460 U.S. 491, 497–498, 103 S.Ct. 1319, 1323–24, 75 L.Ed.2d 229 (1983). If the citizen is free to disregard the questions, refuse consent to search, and go about his business, these encounters are consensual, and no seizure occurs. *Johnson v. State,* 912 S.W.2d 227, 235 (Tex.Crim.App.1995). A seizure occurs only if a reasonable person would believe he was not free to leave, and that person has actually yielded to the officer's show of authority. *California v. Hodari, D.,* 499 U.S. 621, 628, 111 S.Ct. 1547, 1551–52, 113 L.Ed.2d 690 (1991).

■ In contrast, investigative detentions, like arrests, are seizures because they involve a greater restraint on an individual's liberty and, as such, are subject to review under state and federal constitutional principles. *Terry,* 392 U.S. at 21, 88 S.Ct. at 1879–80; *Johnson,* 912 S.W.2d at 235. An investigative detention is a temporary and narrowly tailored investigation directed at determining a person's identity or maintaining the status quo while officers obtain more information. *Comer v. State,* 754 S.W.2d 656, 657 (Tex. Crim.App.1986). Although a showing of probable cause is not required to temporarily detain an individual, specific, articulable facts must create a reasonable suspicion, in light of the officer's experience and knowledge and other inferences from the facts, that (1) some activity out of the ordinary is occurring or has occurred which warrants further investigation, (2) the detained person is connected to the unusual activity, and (3) the activity is related to a crime. *Id.*

■ Arrests constitute the highest restriction on individual liberty and are accompanied by circumstances that would indicate to a reasonable person that the individual has been actually restricted or restrained. *Hoag*

---

**2.** At the intermediate appellate level in *Francis,* the First Court of Appeals affirmed the trial court's decision to admit evidence obtained during what the appellate court described as a classic example of a valid investigative detention. 896 S.W.2d 406, 412 (Tex.App.—Houston [1st Dist.] 1995). On appeal, the Court of Criminal Appeals agreed and dismissed the appellant's petition for discretionary review as improvidently

granted. *Francis,* 922 S.W.2d at 176. Judge Baird, joined by Judge Overstreet, concurred with the majority that the lower court's judgment should be affirmed. *Id.* at 177. However, arguing the need for clarification of the issue of exactly which elements differentiate an arrest, an encounter, and an investigative detention, he dissented to the court's decision to dismiss the petition. *Id.*

*v. State,* 728 S.W.2d 375, 379 (Tex.Crim.App. 1987). The length of detention, the nature of the officer's questions, the use of handcuffs, drawn weapons, physical force or threatening language, or a relocation of the individual to the scene or the police station all could evoke a reasonable deduction that an arrest has occurred. *Francis,* 922 S.W.2d at 180. Arrests must be supported by probable cause to believe that the arrested individual has engaged in or is engaging in criminal activity. *Amores v. State,* 816 S.W.2d 407, 411 (Tex. Crim.App.1991).

■ It is not unusual for a single contact between an officer and a citizen to span the range of these three categories, beginning as an encounter and ultimately concluding in the citizen's arrest. *Francis,* 922 S.W.2d at 178. That is precisely what happened in this case. Reading the record in a light most favorable to the trial court's ruling, we find that, here, the initial interaction between the officer and appellant merely constituted an encounter. The officer entered the area to investigate a report of suspicious persons matching the description of appellant and his companion. On seeing the two men walking down the sidewalk, each carrying a bag, the officer stopped his patrol car. Appellant approached the patrol car on his own volition and began to talk to the officer. At this point in time the interaction amounted to nothing more than an encounter, and the officer was free to ask questions about appellant's identity and his activities, as well as request consent to search the bags the men were carrying. *See Johnson,* 912 S.W.2d at 235. In response to the officer's questions, appellant lied about his identity, admitted that he did not live in the area, and misidentified the direction of the street from which he claimed to have been coming. In addition, after searching the bags with appellant's consent, the officer discovered various items, including a shotgun, some jewelry, and a V.C.R.—suspicious items to be carrying down a residential street at 9:30 in the morning.

■ According to the officer's testimony, appellant was not detained until after the consensual search of the bags. At that time, the contents of the bags and appellant's responses to the questions, coupled with the officer's independent knowledge of a rash of burglaries in the area, constituted sufficient grounds to detain appellant and investigate further based on the officer's reasonable suspicion that something out of the ordinary had occurred, that appellant was involved, and that the unusual activity was, more likely than not, related to criminal activity.[3] *See Reyes,* 899 S.W.2d at 324. Further investigation revealed that a nearby house had been burglarized. An additional search of appellant's companion uncovered items missing from the burglarized home, including a key to the front door.[4] By this time, the officer had probable cause to arrest appellant and his companion. Because the stolen property in the bags was discovered as a result of a consensual search during a voluntary encounter *prior to* the detention and eventual arrest of appellant, the trial court did not abuse its discretion in admitting the evidence discovered as a result of that search. Consequently, appellant's second and third points of error must be overruled.

■ Appellant argues in his fourth point of error that the officer exceeded the permissible scope of a search incident to an investigative detention. However, we have found that the search of the bag that appellant was carrying was a consensual search during a voluntary encounter. There was no investigative detention until after the search. The scope of a consensual search must be

---

**3.** Appellant contends that because none of the suspicious circumstances amounted to evidence of a crime, the officer had no reason to detain him. However, evidence of a crime is not needed to detain so long as the circumstances include facts which render the likelihood of criminal activity greater than it would be otherwise. *Reyes,* 899 S.W.2d at 324. Moreover, because we hold that the evidence appellant sought to suppress was obtained as a result of a consensual search during an encounter, prior to the time

when appellant was actually detained, this argument is not relevant to our determination.

**4.** Appellant has no standing to contest the search of his companion's person; thus, the evidence discovered as a result of that search was properly before the jury. *Cannon v. State,* 807 S.W.2d 631, 633 (Tex.App.—Houston [14th Dist.] 1991, no pet.).

limited to the scope of the consent given, and the scope of the consent is generally defined by its expressed object. *DuBose*, 915 S.W.2d at 496. Here, the object of the search was the contents of appellant's bag. According to the record, even though the officer advised him that he was not required to, appellant opened the bag to allow the officer to see its contents, and the officer looked at the contents of the bag and nothing more. Thus, we hold that the search did not exceed the scope of the consent granted by appellant. We overrule appellant's fourth point of error.

In his fifth point of error, appellant argues that the trial court erred when it failed to include, in its charge, an instruction on the lesser included offense of theft by receiving. Before an instruction on a lesser included offense is warranted, the following two criteria must be satisfied: (1) the lesser included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that, if the defendant is guilty, it is only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.), *cert. denied*, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). Appellant mistakenly assumes that theft by receiving is a lesser included offense of burglary. This is not the case unless actual theft has been charged. *Steward v. State*, 830 S.W.2d 771, 774 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (holding that where the indictment does not describe the property or allege its value, the offense of theft is not charged). Here, theft has not been charged because the indictment does not describe the stolen property or allege its value. *See id.* Since only burglary has been charged and since theft by receiving is not a lesser included offense of burglary, the first prong of the *Rousseau* test is not satisfied, and the trial court properly refused to include an instruction on that offense in its charge. We overrule appellant's fifth point of error.

The judgment of the trial court is affirmed.