TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00662-CR







Benjamin Armstrong, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0953070, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING








 Appellant Benjamin Armstrong was convicted of the offense of possession of cocaine. See
Tex. Health & Safety Code Ann. § 481.115(c) (West Supp. 1998). Pursuant to a plea bargain agreement,
the trial court assessed appellant's punishment at imprisonment for ten years, suspended imposition of
sentence, and granted appellant community supervision.

 In his sole point of error, appellant asserts that the trial court erred in failing to grant his
motion to suppress evidence because the evidence was obtained from appellant as a result of his unlawful
detention in violation of his constitutional and statutory rights. See U.S. Const. amends. IV, XIV; Tex.
Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (West Supp. 1998). We will overrule
appellant's point of error and affirm the trial court's judgment.

 We summarize the testimony adduced on the hearing of the motion to suppress. At about
5:30 p.m. on June 6, 1995, six City of Austin police officers and a Travis County deputy sheriff assigned
to the Street Narcotics Unit, wearing their clearly marked "Class C uniforms," were driving around in an
unmarked van "targeting street and open air markets around the City of Austin." The van was stopped in
the 4500 Block of Little Hill Circle. Officer Mike Turner had worked undercover buying cocaine and
testified this was "a very high dope area." He had made fifteen to twenty arrests in the block where they
stopped. The officers saw a group of men "working on a car on the street." The officers, without any
show of weapons, stepped out of the van. "We just pulled up there, and I believe the van door was
already open, we just got out and -- the way we do things, we get out and start checking people or talking
to people, and you watch what they do. People that get real nervous are the ones you may want to talk
to you. If nobody does anything or just, you know, they're real friendly, whatever, we just get back in the
van and leave."

 On this occasion Officer Turner noticed that appellant, who was standing in front of his own
house next to a metal light pole between the sidewalk and the curb, "got real nervous" when the officers
walked out of the van. "He suddenly just, you know, started looking down. He got kind of twitching
around a little bit, and he had something in his hand and immediately just threw it down. It looked like a
little piece of paper napkin or something. And he threw it down, and then made a real obvious step over
to it and was standing on top of it. . . . So I walked over to him, and said, 'what's under your foot?' And
he picked it up, and there was a paper towel. And inside--I picked it up, and inside this paper towel was
nearly what we call a cookie of crack cocaine. . . . I don't believe [appellant] did anything. He just stood
there. And I picked up the paper towel and figured out what it was, I put him in cuffs and took him over
to the van."

 A magistrate, sitting for the trial court, heard the evidence on the motion to suppress. In
written findings the magistrate concluded that:


 The officers had reasonable suspicion to investigate at the scene. No one was ordered
to stop nor was their movement interfered with. Upon investigation Officer Turner saw the
defendant abandon an object and then step on it. In order to further his investigation and
because he was reasonably suspect of possible criminal activity, in a high crime zone, he
issued an order for the defendant to move his foot. No weapons were drawn and the
defendant was not under detention. He voluntarily complied with the officer's directive. 
The officers discovered contraband and the defendant was arrested. The defendant was
not unlawfully compelled to submit to lawful authority.



The trial court adopted the findings of the magistrate and refused to grant the motion to suppress.

 In deciding appellant's contention that the cocaine was obtained as a result of his unlawful
detention, we must determine whether appellant was detained, and in view of the facts, we must determine
whether appellant voluntarily abandoned the cocaine he possessed. Appellant does not contend that the
cocaine was obtained as a result of an unlawful arrest. The purpose of investigative detention is to establish
a person's identity or to maintain the status quo while officers obtain more information. See Comer v.
State, 754 S.W.2d 656, 657 (Tex. Crim. App. 1986). Although probable cause is not required to
temporarily detain an individual, specific, articulable facts must create a reasonable suspicion, in light of the
officer's experience and knowledge and inferences from those facts that (1) some activity out of the
ordinary is occurring or has occurred which warrants further investigation, (2) the detained person is
connected to the unusual activity, and (3) the activity is related to crime. See id.; Dean v. State, 938
S.W.2d 764, 768-69 (Tex. App.--Houston [14th Dist.] 1997, no pet.).

 When Officer Turner approached appellant, he did not have probable cause to arrest him
or reasonable suspicion warranting an investigative detention. However, police and citizen encounters may
occur when police do not have probable cause to arrest or reasonable suspicion to detain a citizen. A
police officer may approach a citizen without probable cause or reasonable suspicion to ask a citizen
questions or even to request a search. See California v. Hodari D., 499 U.S. 621, 628 (1991); Johnson
v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); State v. Shamsie, 940 S.W.2d 223, 225 (Tex.
App.--Austin 1997, no pet.). So long as the citizen to whom the officer puts the questions remains free
to disregard the questions and walk away there is no detention and no intrusion upon the citizen's liberty
or right of privacy implicating the Fourth Amendment. See United States v. Mendenhall, 446 U.S. 544,
554 (1980); Hawkins v. State, 758 S.W.2d 255, 259 (Tex. Crim. App. 1988). "Mendenhall established
that the test for existence of a 'show of authority' is an objective one: not whether the citizen perceived
that he was being ordered or restrained of his movement, but whether the officer's words and actions
would have conveyed that to a reasonable person." Hodari D, 499 U.S. at 628; see Michigan v.
Chesternut, 486 U.S. 567, 573 (1988).

 Officer Turner approached appellant merely to question him. Before Turner asked any
questions of, or detained appellant, appellant threw to the ground the cocaine in his possession. We must
determine whether appellant's throwing the cocaine to the ground was a voluntary abandonment of the
contraband. If appellant voluntarily abandoned the contraband, he was not entitled to constitutional and
statutory search and seizure protection because the Fourth Amendment does not protect a person who
voluntarily abandons his property. See Able v. United States, 362 U.S. 217, 241 (1960); Hester v.
United States, 265 U.S. 57, 58 (1924); United States v. Barlow, 17 F.3d 85, 88 (5th Cir. 1994). "The
test for determining when an object has been abandoned is one of intent, which 'may be inferred from
words spoken, acts done, and other objective facts.' Colbert, 474 F.2d at 176. The accused need not
have abandoned the searched item in the strict property sense, where an intent to relinquish ownership must
be shown; merely an intent voluntarily to relinquish his privacy interest is sufficient." Id.; see Hawkins, 758
S.W.2d at 258; 1 Wayne R. LaFave, Search and Seizure § 2.6(b) (3d ed. 1996). Even though a person
may have a subjective intent to regain possession of his property, if he places or throws it into an area open
to the public he has abandoned his property for search and seizure purposes. See United States v. Rem,
984 F.2d 806, 810 (7th Cir. 1993); United States v. Ramos, 960 F.2d 1065, 1067 (D.C. Cir. 1992);
United States v. Thomas, 864 F.2d 843, 846 n.5 (D.C. Cir. 1989).

 Voluntary abandonment of property occurs if (1) the defendant intended to abandon the
property, and (2) his decision to abandon the property was not due to police misconduct. Brimage v.
State, 918 S.W.2d 466, 507 (Tex. Crim. App. 1996); Hawkins, 758 S.W.2d at 258; Comer, 754
S.W.2d at 659. Even though Officer Turner did not have probable cause to arrest appellant or reasonable
suspicion to detain him, it was lawful for Turner to approach and attempt to talk to appellant. When Officer
Turner was merely approaching and had not yet talked to appellant, appellant relinquished his possession
and privacy interest in the contraband by throwing it to the ground. In these circumstances, appellant's
decision to throw his property to the ground was not due to police misconduct. Therefore, appellant
voluntarily abandoned the cocaine. Even though appellant stepped on and attempted to conceal the
cocaine and may have intended to regain possession of it, the abandonment of the cocaine was complete
when appellant threw it to the ground. Because appellant had not been detained or arrested before he
abandoned the cocaine, his constitutional and statutory protection against unlawful search and seizure were
not violated.

 In our independent de novo review of the record, see Guzman v. State, 955 S.W.2d 85,
87-88 (Tex. Crim. App. 1997), we find that the trial court did not err in refusing to grant appellant's motion
to suppress evidence. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Kidd and Dally*; Chief Justice Carroll not participating

Affirmed

Filed: March 26, 1998

Publish








* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



on." Hodari D, 499 U.S. at 628; see Michigan v.
Chesternut, 486 U.S. 567, 573 (1988).

 Officer Turner approached appellant merely to question him. Before Turner asked any
questions of, or detained appellant, appellant threw to the ground the cocaine in his possession. We must
determine whether appellant's throwing the cocaine to the ground was a voluntary abandonment of the
contraband. If appellant voluntarily abandoned the contraband, he was not entitled to constitutional and
statutory search and seizure protection because the Fourth Amendment does not protect a person who
voluntarily abandons his property. See Able v. United States, 362 U.S. 217, 241 (1960); Hester v.
United States, 265 U.S. 57, 58 (1924); United States v. Barlow, 17 F.3d 85, 88 (5th Cir. 1994). "The
test for determining when an object has been abandoned is one of intent, which 'may be inferred from
words spoken, acts done, and other objective facts.' Colbert, 474 F.2d at 176. The ac