Affirmed and Memorandum Opinion
filed February 2, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00938-CR



Marcus Clay
Anderson, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 337th District Court

Harris County, Texas

Trial Court
Cause No. 1172492



 

MEMORANDUM OPINION 

Appellant Marcus Clay Anderson was sentenced to forty
years’ confinement after being convicted of felony possession of a controlled
substance.  Appellant complains that the trial court erred in denying his
motion to suppress both a statement made to the police and the drugs recovered
on the grounds that he was not first given warnings pursuant to Miranda v.
Arizona, 384 U.S. 436 (1966).  We affirm.

BACKGROUND

In July 2008, a team of eight Harris County Sheriff’s
Office deputies was serving felony warrants at various locations.  As the team
arrived at one of the locations to serve a warrant on a woman, the deputies
observed appellant leaving a car and walking toward the residence.  While the
other deputies secured the perimeter and eventually entered the house, Deputy
Brian Reilly approached appellant and asked if they could talk for a minute. 
Deputy Reilly asked appellant if he lived at the house, and appellant said he
did.  However, since appellant did not have any identification with him to
prove he lived there, Deputy Reilly went to his patrol car to confirm
appellant’s information on his computer, and appellant came with Deputy Reilly
and stood outside the car door.  When Deputy Reilly entered appellant’s name
and date of birth, he found two open warrants for appellant—one for marijuana
possession and one for a traffic violation.  Deputy Reilly did not place
appellant under arrest at this point because he needed to confirm that the
warrants were still valid.  After he had called in to request confirmation, Deputy
Reilly told appellant that he smelled like marijuana and asked if appellant had
recently smoked marijuana or had any on his person.  Appellant told Deputy
Reilly that he had a nickel bag of marijuana on the front seat of his car and,
when Deputy Reilly asked for permission to retrieve it, appellant gave his
consent.  Deputy Reilly found cocaine in the car along with the marijuana.

According to Deputy Reilly, appellant was helpful and
cooperative throughout the encounter.  Once Deputy Reilly discovered the open
warrants, appellant was not free to leave pending confirmation of the validity
of the warrants.  However, appellant was never handcuffed, and he was placed in
the back of Deputy Reilly’s patrol car only while Deputy Reilly had to leave
him unattended to search appellant’s car.  Appellant, on the other hand,
testified that he was handcuffed and thrown in the back of a patrol car
immediately when the deputies arrived and never consented to the search of his
car.

Appellant filed a motion to suppress his statement
about possessing drugs as well as the drugs themselves, arguing that the
officers violated his rights by not first providing Miranda warnings. 
The trial court found that appellant was in investigative detention, rather
than custody, at the time of the statement and thus Miranda warnings
were not required.  The trial court also found that appellant freely and
voluntarily consented to the search of his car.  Accordingly, the trial court
denied appellant’s motion to suppress.  The jury found appellant guilty as
charged, and this appeal followed.

ANALYSIS

We review a trial court’s decision on a motion to
suppress evidence for an abuse of discretion.  Balentine v. State, 71
S.W.3d 763, 768 (Tex. Crim. App. 2002); Mount v. State, 217 S.W.3d 716, 724
(Tex. App.—Houston [14th Dist.] 2007, no pet.).  At a suppression hearing, the
trial court is the sole fact finder and arbiter of witness credibility.  See
Mount, 217 S.W.3d at 724.  We give almost total deference to the trial
court’s determination of historical facts and review de novo a trial court’s
application of the law to those facts if resolution of those ultimate questions
does not turn on the evaluation of credibility and demeanor.  See Balentine,
71 S.W.3d at 768; Mount, 217 S.W.3d at 724.

Interactions between police and civilians are divided
into three categories:  (1) encounters, (2) investigative detentions, and (3)
arrests.  State v. Larue, 28 S.W.3d 549, 553 n.8 (Tex. Crim. App. 2000);
Mount, 217 S.W.3d at 724.  An encounter is a consensual contact, such as
when an officer approaches a civilian to ask questions or request consent to
search.  See Dean v. State, 938 S.W.2d 764, 768 (Tex. App.—Houston [14th
Dist.] 1997, no pet.).  As long as the civilian is free to disregard the
questions and go about his business, no seizure has occurred.  See id.  A
seizure occurs only if a reasonable person would believe he was not free to
leave and has yielded to the officer’s show of authority.  Id.  Both
arrests and investigative detentions are seizures.  See Mount, 217
S.W.3d at 824; Dean, 938 S.W.2d at 768.  An investigative detention is a
temporary investigation directed at determining a person’s identity or
maintaining the status quo while officers obtain more information.  See
Balentine, 71 S.W.3d at 771; Dean, 938 S.W.2d at 768.  An arrest is
the most restrictive and is accompanied by circumstances that would indicate to
a reasonable person that he has been actually restricted or restrained.  See
Dean, 938 S.W.2d at 768.  Whether a person is under arrest or subject to
a temporary investigative detention is a matter of degree and depends on factors
such as the length of the detention, the amount of force employed, whether the
officer actually conducts an investigation, and the overall reasonableness of
the circumstances.  See Balentine, 71 S.W.3d at 771; Mount, 217
S.W.3d at 724.  Miranda warnings are required before questioning a suspect
only for arrests, not investigative detentions or mere encounters.  See
Dowthitt v. State, 931 S.W.2d 244, 263 (Tex. Crim. App. 1996).

In his first issue, appellant argues that the trial
court erred in denying his motion to suppress the statement that he possessed
marijuana because when Deputy Reilly asked him if he had any drugs, he was
sufficiently restrained to constitute being under arrest.  Thus, according to
appellant, his statement should be suppressed because Deputy Reilly did not
first administer Miranda warnings.  We disagree.  The trial court found
that at the time appellant made the statement, he was being detained so that
the deputies could maintain the status quo while determining whether the
outstanding warrants were valid.  Though appellant was not free to leave at
this time, that does not mean appellant was under arrest.  Deputy Reilly
testified that the entire encounter before appellant stated he had drugs in his
car lasted only about ten minutes.  Though appellant claims he was handcuffed
and placed in a patrol car as soon as the deputies arrived, the trial court
disbelieved him, as is its province.  See Mount, 217 S.W.3d at 724. 
Further, Deputy Reilly actually conducted an investigation during the detention
by seeking confirmation as to whether the outstanding warrants were still
valid.  Ensuring that appellant did not flee while confirming the validity of
the warrants was not unreasonable and is a legitimate reason for an
investigative detention.  See Smith v. State, 840 S.W.2d 689, 692 (Tex.
App.—Fort Worth 1992, pet. ref’d) (holding that checking for outstanding
warrants and confirming warrant were appropriate in investigative stop); Davis
v. State, 740 S.W.2d 541, 543 (Tex. App.—Houston [1st Dist.] 1987, pet.
ref’d) (detaining to check identification and determine the existence of outstanding
warrants constitutes a temporary detention, not an arrest); see also
Balentine, 71 S.W.3d at 771 (stating that officers may, in investigative
detention, restrain as necessary to effectuate purpose of the stop, including
to maintain the status quo and investigate); Mount, 217 S.W.3d at 724
(same).  We conclude the trial court did not abuse its discretion in
determining that appellant made the statement at issue while in investigative
detention rather than under arrest, thereby eliminating any requirement for Miranda
warnings.  We therefore overrule appellant’s first issue.

In his second issue, appellant argues that the trial
court erred in refusing to suppress the drugs seized from his vehicle as a
result of his statement because they are “fruit of the poisonous tree.”  Our
conclusion that appellant’s rights were not violated in questioning him and
obtaining his statement without Miranda warnings is dispositive of this
issue as well.  Further, while a Miranda violation might result in
suppression of a statement, it does not require suppression of any “fruits”
unless the statement was obtained through actual coercion.  See In re H.V.,
252 S.W.3d 319, 327–29 (Tex. Crim. App. 2008).  Appellant does not allege
actual coercion, and the trial court found the statement was freely and
voluntarily given.  For these reasons, we overrule appellant’s second issue.

Having overruled appellant’s two issues, we affirm
the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        J.
Harvey Hudson

                                                                                    Senior
Justice

 

 

 

Panel consists of Justices Frost, Brown,
and Hudson.*

Do
Not Publish — Tex. R. App. P. 47.2(b).

 

 

 

*
Senior Justice J. Harvey Hudson sitting by assignment.